## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **DARRELL REEVES, individually and on behalf of all others similarly situated,** | DOCKET NO. _____ |
| vs. | JURY TRIAL DEMANDED |
| **ENTERPRISE PRODUCTS PARTNERS, LP.** | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

### ORIGINAL COLLECTIVE ACTION COMPLAINT

#### I. SUMMARY

1. Plaintiff Darrell Reeves brings this lawsuit to recover unpaid overtime wages and other damages from Enterprise Products Partners, LP under the Fair Labor Standards Act (FLSA).

2. Enterprise is an oil and gas and construction staffing company. Enterprise employs oilfield personnel to carry out its work.

3. Reeves and the other workers like him regularly worked for Enterprise in excess of forty (40) hours each week.

4. But these workers never received overtime for hours worked in excess of forty (40) hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, Enterprise improperly classified Reeves and those similarly situated workers as exempt employees and paid them a daily rate with no overtime compensation.

6. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

#### II. JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331

because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division. Enterprise conducts substantial business operations in this District and Division and also has its corporate headquarters in this District and Division.

### III. THE PARTIES

9. Reeves worked for Enterprise from April 2017 until December 2017 as an inspector.

10. Throughout his employment with Enterprise, Reeves was paid a day-rate with no overtime compensation.

11. Reeves' consent to be a party plaintiff is attached as Exhibit A.

12. Reeves brings this action on behalf of himself and all other similarly situated workers who were paid by Enterprise's day-rate system. Enterprise paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA.

13. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All personnel who worked for, or on behalf of, Enterprise Products Partners, LP who were paid a day rate with no overtime in the past three (3) years.** ("Putative Class Members").

14. Defendant Enterprise Products Partners, LP is a Texas corporation doing business throughout the United States. Enterprise may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### IV. COVERAGE UNDER THE FLSA

15. At all times hereinafter mentioned, Enterprise has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all times hereinafter mentioned, Enterprise has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all times hereinafter mentioned, Enterprise has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce - such as oilfield equipment, hand tools, computers, automobiles, and cell phones - by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

18. At all times hereinafter mentioned, Reeves and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

19. As will be shown through this litigation, Enterprise treated Reeves the Putative Class Members as employees and uniformly dictated the pay practices Reeves and its other employees were subjected to.

## V.   FACTS

20. Enterprise is a "leading North American provider of midstream energy services to producers and consumers of natural gas, NGLs, crude oil, refined products, and petrochemicals."[1] To complete their business objectives, Enterprise hires personnel (like Reeves) to perform work.

21. Many of these individuals worked for Enterprise on a day-rate basis and make up the proposed Putative Class. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

---

[1] https://www.enterpriseproducts.com/about-us (last visited July 19, 2019).

22. Enterprise paid the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

23. For example, Reeves worked for Enterprise from April 2017 until December 2017. Throughout his employment with Enterprise, he was paid on a day-rate basis.

24. Reeves normally worked 10 to 12 hours a day.

25. Reeves was never guaranteed a salary when he worked for Enterprise.

26. Reeves was required to report the days worked to Enterprise, not the hours he worked.

27. The work Reeves performed was an essential and integral part of Enterprise's core business.

28. During Reeves's employment with Enterprise, it and/or the company Enterprise contracted with exercised control over all aspects of his job.

29. Enterprise and/or the company it contracted with controlled all the significant or meaningful aspects of the job duties performed by Reeves.

30. Even though Reeves often worked away from Enterprise's offices, Enterprise still controlled all aspects of Reeves's job activities by enforcing mandatory compliance with Enterprise's and/or its client's policies and procedures.

31. Enterprise directly determined Reeves's rates of pay, his work schedule, and prohibited him from working other jobs for other companies while he was working on jobs for Enterprise.

32. Very little skill, training, or initiative was required of Reeves to perform his job duties.

33. Indeed, the daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by Enterprise and/or its clients. Virtually every job function was pre-determined by Enterprise and/or its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties. The

Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters.

34. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring no college education or other advanced degree.

35. Reeves and the Putative Class Members did not have any supervisory or management duties.

36. All of the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

37. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

38. Enterprise's policy of failing to pay its employees, including Reeves, overtime violates the FLSA because these workers are performing non-exempt job duties.

39. It is undisputed that Reeves and the Putative Class Members are performing manual labor, and working long hours out in the field.

40. Enterprise's day-rate system violates the FLSA because Reeves and those similarly situated did not receive any overtime pay for hours worked over 40 hours each week.

## VI. FLSA VIOLATIONS

41. As set forth herein, Enterprise has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

42. Enterprise knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Enterprise's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

43. Accordingly, Reeves and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### VII. COLLECTIVE ACTION ALLEGATIONS

44. Reeves incorporates all previous paragraphs and alleges that the illegal pay practices Enterprise imposed on Reeves were likewise imposed on the Putative Class Members.

45. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

46. Numerous other individuals who worked with Reeves indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

47. Based on his experiences and tenure with Enterprise, Reeves is aware that Enterprise's illegal practices were imposed on the Putative Class Members.

48. The Putative Class Members were all not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

49. Enterprise's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

50. Reeves's experiences are therefore typical of the experiences of the Putative Class Members.

51. The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

52. Reeves has no interests contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Reeves has an interest in obtaining the unpaid overtime wages owed to him under state and/or federal law.

53. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

54. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Enterprise will reap the unjust benefits of violating the FLSA and applicable state labor laws.

55. Furthermore, even if some of the Putative Class Members could afford individual litigation against Enterprise, it would be unduly burdensome to the judicial system.

56. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

57. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Enterprise employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA;

    b. Whether Enterprise's day rate pay practice meets the salary-basis test;

    c. Whether Enterprise's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

    d. Whether Enterprise's violation of the FLSA was willful; and

  e. Whether Enterprise's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

58. Reeves's claims are typical of the claims of the Putative Class Members. Reeves and the Putative Class Members sustained damages arising out of Enterprise's illegal and uniform employment policy.

59. Reeves knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

60. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

1. Reeves demands a trial by jury.

## RELIEF SOUGHT

2. WHEREFORE, Reeves prays for judgment against Enterprise as follows:

 a. An Order designating the Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

 b. For an Order appointing Reeves and his counsel to represent the interests of the FLSA Class;

 c. For an Order finding Enterprise liable to Reeves and the Potential Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

    d.    For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

    e.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    Michael A. Josephson
    State Bar No. 24014780
    mjosephson@mybackwages.com
    Andrew W. Dunlap
    State Bar No. 24078444
    adunlap@mybackwages.com
    **JOSEPHSON DUNLAP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**