IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRELL REEVES, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) ENTERPRISE PRODUCTS PARTNERS, LP, ) ) Defendant. ) | Case No. 19-CV-570-GKF-CDL |

**OPINION AND ORDER**

This matter comes before the court on the Motion for Leave to File Amended Complaint and Substitute Named Plaintiff [Doc. 80] and the Motion to Lift Stay [Doc. 83] of plaintiff Darrell Reeves. For the reasons set forth below, the motions are denied.

**I.      Background and Procedural History**

On July 19, 2019, plaintiff Darrell Reeves initiated this action against defendant Enterprise Products Partners, LP, on behalf of himself and all others similarly situated, to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 216(b). [Doc. 1]. In the Complaint, Mr. Reeves alleged that he worked as an inspector for Enterprise from April 2017 until December 2017 and that Enterprise paid him and others a flat daily rate, regardless of the number of hours they worked in a given day or week. However, Mr. Reeves asserted that he was subject to the FLSA's overtime requirement and should have been paid accordingly. [*Id.*]. The case was initially filed in the United States District Court for the Southern District of Texas, but was subsequently transferred into this district, where it was assigned to then Chief Judge John E. Dowdell. [Doc. 19].

On November 5, 2019, Enterprise filed a motion to compel arbitration related to Mr. Reeves's claims. Therein, Enterprise sought to enforce an arbitration provision included in an Employment Agreement executed by Mr. Reeves and Cypress Energy Management-TIR, LLC, a third-party staffing company utilized by Enterprise to provide inspection services. [Doc. 29].

That same day, James King consented to join the putative collective action and was included as a named plaintiff. [Doc. 31-1]. On November 27, 2019, Enterprise filed a motion to compel arbitration related to Mr. King's claims. [Doc. 36]. Therein, Enterprise sought to enforce an arbitration provision included in a Mutual Arbitration Agreement between Mr. King and Kestrel Field Services, Inc., another third-party staffing company that provides inspection services. [Doc. 36-2].

In a February 10, 2020 Opinion and Order, Judge Dowdell denied Enterprise's motions to compel arbitration. [Doc. 51]. Enterprise appealed to the U.S. Court of Appeals for the Tenth Circuit. [Doc. 52]. On March 4, 2020, Judge Dowdell stayed the case pending resolution of Enterprise's appeal. [Doc. 57].

During the pendency of the stay, on July 2, 2020, Bobby Tipton consented to join the putative collective action. [Doc. 67].

On November 9, 2021, the Tenth Circuit issued a decision reversing Judge Dowdell's February 10, 2020 Opinion and Order denying the motions to compel arbitration and remanding the case for further proceedings consistent the opinion. [Doc. 71; Doc. 72]. On January 12, 2022, the Tenth Circuit issued the mandate. [Doc. 74].

On January 28, 2022, U.S. District Judge Claire V. Eagan, for Judge Dowdell, granted Enterprise's motions to compel arbitration on the claims brought by Mr. Reeves and Mr. King,

and stayed the case pending arbitration. Judge Eagan directed the parties to file a joint status report with the court within twenty days of the conclusion of arbitration proceedings. [Doc. 73].

On October 7, 2022, this case was reassigned to the undersigned upon Judge Dowdell taking senior status. [Doc. 77].

On March 29, 2023, Mr. Reeves filed the motion for leave to amend complaint and substitute named plaintiff [Doc. 80], as well as the motion to lift stay [Doc. 83]. In the motion to amend and substitute, Mr. Reeves seeks leave to substitute Mr. Tipton as the named plaintiff and collective representative.

On April 13, 2023, Enterprise filed a response in opposition to the motion to amend and motion to lift stay. [Doc. 87]. Mr. Reeves filed a reply. [Doc. 88]. Thus, the motions are ripe for the court's determination. The court first considers the motion to amend.

## II. Motion to Amend Standard

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of course within twenty-one (21) days of service or, if the pleading is one to which a responsive pleading is required, within 21 days of service of the responsive pleading or motion. FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), "denial of a motion to amend may be appropriate where there has been shown 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Steadfast Ins. Co. v. Agric. Ins. Co.*, No. 05-CV-126-GKF-TLW, 2014 WL 1901175, at *4 (N.D. Okla. May 13, 2014) (quoting *Foman v. Davis*,

371 U.S. 178, 182 (1962)). "'[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court.'" *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (alteration in original) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)).

**III. Analysis**

Enterprise argues that the motion to amend should be denied because the requested amendment is futile.

In the Tenth Circuit, "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir. 1999). Enterprise contends that the requested amendment is futile because Mr. Tipton's claims are subject to a forum selection clause included in the Employment Agreement between Mr. Tipton and Tulsa Inspection Resources, Inc. [Doc. 87-1]. Specifically, the Employment Agreement includes the following provision:

> Any controversy claim or litigation arising out of or relating to the Employee's duties to the Employer including, but not limited to, any of the rights and obligations set forth in this Employment Agreement shall in all events be determined by the District Court of Tulsa County, Oklahoma which shall have exclusive jurisdiction in the event of any dispute which results in litigation. Further, both parties acknowledge that the Employee was hired by the Employer at the company's offices located in Tulsa, Oklahoma and that the Employee acknowledges and consents that jurisdiction of any dispute arising under this Employment Agreement or in any manner concerning the Employee is proper in Tulsa County, Oklahoma.

[Doc. 87-1, pp. 5-6].

As an initial matter, Mr. Tipton argues that the court cannot consider extraneous evidence, including the Employment Agreement, to determine the futility of the requested amendment. However, as set forth above, "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier,* 186 F.3d at 1218. Courts have found amendment to be

futile when venue for the proposed claims would be improper and therefore subject to dismissal.[1] *See Williams v. United States,* No. 19-3018, 2019 WL 2373557, at *2 (10th Cir. 2019) (unpublished) ("[T]he district court did not err in concluding that offering [plaintiff] the opportunity to amend his complaint would be futile because 'he still could not overcome the hurdles of immunity and venue.'")[2]; *Cole v. Boeing Co.*, 621 F. App'x 10, at **11-12 (D.C. Cir. 2015) (collecting cases); *Christensen v. Norman*, No. 18-CV-715-RJS, 2019 WL 1277520, at *2 (D. Utah Mar. 20, 2019) ("Amendment is accordingly futile, as the amended complaints could not survive motions to dismiss for improper venue."). In considering the propriety of venue, the court may consider evidence outside of the complaint. *See Hancock*, 701 F.3d at 1260. Thus, to determine futility, the court may consider the Employment Agreement.

Turning to the substance of Enterprise's argument, the parties do not address whether Oklahoma or federal common law applies. Regardless, "[t]he Court need not resolve the choice of law issue, because Oklahoma and federal law regarding forum selection clauses are substantially similar." *Triple "S" Operating Co. v. Ezpawn Okla., Inc.*, No. 10-CV-0328-CVE-FHM, 2010 WL 2690376, at *2 (N.D. Okla. June 30, 2010); *see also Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 320-21 (10th Cir. 1997); *JDT Cap., LLC v. Fowler,* No. CIV-20-781-SLP, 2020 WL 12811481, at *1 (W.D. Okla. Sept. 17, 2020); *Dutton v. Wells Fargo Bank, N.A.*, No. 11-CV-0352-CVE-PJC, 2011 WL 4526768, at *2 (N.D. Okla. Sept. 28, 2011). "Under both federal and Oklahoma common law, forum selection clauses are prima facie valid and should be enforced

---

[1] "A motion to dismiss based on a forum selection clause frequently is analyzed as a motion to dismiss for improper venue under [Rule] 12(b)(3)." *Hancock v. Am. Telephone & Telegraph Co.*, 701 F.3d 1248, 1260 (10th Cir. 2012) (quoting *K & V Sci. Co. v. Bayerische Motoren Werke Aktiengesellschaft,* 314 F.3d 494, 497 (10th Cir. 2002)).

[2] "Unpublished decisions are not precedential, but may be cited for their persuasive value." 10th Cir. R. 32.1(A).

unless they can be shown to be unreasonable under the circumstances of the case." *Triple "S" Operating Co.*, 2010 WL 2690376, at *2 (quoting *Zenergy, Inc. v. Novus Operating Co.*, No. 07-CV-0128-CVE-PJC, 2007 WL 1160327, at *1 (N.D. Okla. Apr. 17, 2007)); *see also JDT Cap., LLC,* 2020 WL 12811481, at *2 (collecting cases).

Forum selection clauses are either mandatory or permissive. *Excell, Inc.,* 106 F.3d at 321. "Mandatory forum selection clauses 'contain[] clear language showing that jurisdiction is appropriate only in the designated forum.'" *Id.* "In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." *Id.* "[W]hen venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory." *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.,* 428 F.3d 921, 927 (10th Cir. 2005).

As set forth above, the Employment Agreement provides that "[a]ny controversy claim or litigation arising out of or relating to [Tipton's] duties to [Tulsa Inspection Resources, Inc.] . . . shall in all events be determined by the District Court of Tulsa County, Oklahoma which shall have exclusive jurisdiction in the event of any dispute which results in litigation." [Doc. 87-1, pp. 5-6 (emphasis added)]. Mr. Tipton suggests that, because the forum selection provision provides that claims shall be determined by "the District Court *of* Tulsa County, Oklahoma," he is permitted to bring his claims in the U.S. District Court for the Northern District of Oklahoma, which sits in Tulsa County, Oklahoma. [Doc. 88, pp. 3-4]. However, the Tenth Circuit has rejected a similar argument, reasoning that, in the context of a forum selection clause, "of" "refers to sovereignty rather than geography." *Am. Soda, LLP,* 428 F.3d at 926. Because "[f]ederal courts indisputably proceed from, and find their origin in, the federal government, though located in particular

geographic regions," not the state or county in which they are located, the circuit concluded that a forum selection provision in favor "of the Courts of the State of Colorado" designated only Colorado state courts, not the federal district court for Colorado. *Id.; see also Excell, Inc.,* 106 F.3d at 321 ("For federal court purposes, venue is not stated in terms of 'counties.' Rather, it is stated in terms of 'judicial districts.'").

Here, the Employment Agreement provides that litigation shall be determined by the District Court *of* Tulsa County, Oklahoma. In context, "of" "refers to sovereignty rather than geography." *Am. Soda, LLP,* 428 F.3d at 926. Federal courts do not originate in any state or county, nor is the court's venue stated in terms of the county. Thus, the reference in the Employment Agreement's forum selection provision to "the District Court of Tulsa County, Oklahoma" refers only to the Tulsa County District Court, and does not refer to this court. *See S & J Rentals v. Hilti, In*c., No. 17-CV-0159-CVE-FHM, 2017 WL 2992732, at *3 (N.D. Okla. July 14, 2017).

In addition to a clear reference to the Tulsa County District Court, the provision includes mandatory language. Specifically, the provision provides that Tulsa County District Court "*shall* have *exclusive* jurisdiction." [Doc. 87-1, pp. 5-6 (emphasis added)]. As previously stated, "when venue is specified, such as when the parties designate a particular county . . ., and when the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory." *Am. Soda, LLP,* 428 F.3d at 927. Because the provision specifies a venue and includes words of exclusion, the Employment Agreement's forum selection provision is mandatory and must be enforced as such. *See Sun Specialized Heavy Haul, LLC v. Ace Heavy Haul, LLC*, No. 16-CV-491-GKF-PJC, 2016 WL 4942333, at *2 (N.D. Okla. Sept. 13, 2016).

Despite the mandatory nature of the forum selection provision, Mr. Tipton argues that "Enterprise's status as a non-signatory to the forum selection agreement is fatal." [Doc. 88, p. 3]. However, this court and others have consistently held "defendants are not deprived of the benefit of the forum-selection clause simply because they are non-parties to the [relevant contract]." *Flanagan v. Access Midstream Partners, L.P.*, No. 17-CV-316-GKF-JFJ, 2017 WL 4324535, at *2 (N.D. Okla. Sept. 28, 2017); *see also OKCDT Enter., LLC v. CR Crawford Constr., LLC*, No. CIV-18-1134-G, 2019 WL 1320063, at *3 (W.D. Okla. Mar. 22, 2019) (quoting *Mich. Elec. Emps. Health Plan v. Granite Re, Inc.*, No. CIV-10-1164-D, 2011 WL 1870234, at *3 (W.D. Okla. May 16, 2011) ("This Court has previously determined that '[t]here is ample support for the conclusion that the fact a party is a non-signatory to an agreement is insufficient, standing alone, to preclude enforcement of a forum selection clause' against that party."). Rather, "[w]hen the alleged conduct of non-parties to a contract is closely related to a contractual relationship, all the participants, parties and non-parties, should benefit from . . . any forum selection clause." *Flanagan*, 2017 WL 4324535, at *2 (quoting *Keenan v. GAP Expl., Ltd.*, No. 09-CV-240-JHP-FHM, 2010 WL 1330334, at *4 (N.D. Okla. Mar. 29, 2010)); *see also OKCDT Enter., LLC,* 2019 WL 1320063, at *4.

The "closely related" requirement is satisfied where "the non-signatory has interests in the litigation that are 'directly related to, if not predicated upon' the interests of the signatories" or "where the non-party is closely related to the dispute which stems from the agreement in which the forum selection clause appears." *OKCDT Enter., LLC,* 2019 WL 1320063, at *4 (quoting *Keenan*, 2010 WL 1330334, at *4). The gravamen of Mr. Tipton's proposed pleading is that *Enterprise,* as Mr. Tipton's employer, failed to adequately pay him for work performed. It is clear that Mr. Tipton performed work for Enterprise by virtue of the Employment Agreement between

Mr. Tipton and Tulsa Inspection Resources. Thus, Enterprise's interests in this matter are closely related to the agreement in which the forum selection clause appears—the Employment Agreement. Moreover, Enterprise received a benefit from performance of the Employment Agreement and therefore its interests and conduct are "closely related" to the contractual relationship. *See generally Franlink Inc. v. BACE Servs., Inc.*, 50 F.4th 432, 441-42 (5th Cir. 2022) (identifying "direct benefits obtained from the contract at issue" as a relevant consideration to determine whether a non-signatory to a forum selection clause is "closely related" to the dispute stemming from the agreement). Based on the foregoing, Enterprise is "closely related" to the Employment Agreement and Enterprise should benefit from the forum selection provision included therein.

Because Enterprise may enforce the Employment Agreement's forum selection provision in favor of the Tulsa County District Court, venue for Mr. Tipton's claims is improper in this court. Thus, the proposed amendments to the Complaint are futile and the motion to amend must be denied.[3]

---

[3] Further, although not explicitly contemplated by the Tenth Circuit, other Circuit Courts of Appeals have held that, to determine a motion to amend, the court may consider judicial economy, including how amendment would affect the use of judicial resources and impact the judicial system. *See* 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 15.15[1] (3d ed. 2019) (collecting cases); *see also Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.3d 1157, 1163 (5th Cir. 1982). In reply, plaintiff asserts, without citing any legal authority, that resolution of the forum selection provision issue is premature, and should be addressed in a Rule 12 motion. [Doc. 88, p. 3]. However, plaintiff's proposal overlooks the reality of the U.S. District Court for the Northern District of Oklahoma. Plaintiff effectively asks the court to "rubber stamp" its motion to amend, reopen a case that has been stayed for over a year, and then open itself up to an issue that has already been presented to it in the current briefs. It is well-known that this court has experienced unprecedented caseloads since the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), which have been compounded by the fact that, as of October 1, 2022, the Northern District is operating within only one and a half active district judges. Plaintiff's proposal would require the court to expend scarce judicial resources and is not in the interest of judicial economy.

In the motion to lift stay, plaintiff argues that the stay should be lifted to permit Mr. Tipton to be substituted as named plaintiff and litigate the FLSA collective claim. Because the court has denied the motion to amend to substitute Mr. Tipton as the named plaintiff, the motion to lift stay must also be denied.

### IV. Conclusion

WHEREFORE, the Motion for Leave to Amend Complaint and Substitute Named Plaintiff [Doc. 80] and the Motion to Lift Stay [Doc. 83] of plaintiff Darrell Reeves, individually and on behalf of all others similarly situated, are denied.

IT IS FURTHER ORDERED that this matter shall remained stayed pending the arbitration of the claims brought by plaintiffs Darrell Reeves and James King. The parties are directed to file a joint status report with the court within twenty (20) days of the conclusion of the arbitration proceedings.

DATED this 3rd day of May, 2023.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma